UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KOZLOWSKI,

       **Plaintiff,**              CIVIL ACTION NO. 08-CV-13880-BC

vs.

                                     DISTRICT JUDGE THOMAS L. LUDINGTON

UNITED STATES OF            MAGISTRATE JUDGE MONA K. MAJZOUB
AMERICA, et. al,

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    The Motion to Dismiss filed by Defendants United States of America, Eichenlaub, and Malatinsky on December 15, 2008 (docket no. 12) should be **GRANTED IN PART AND DENIED IN PART.**

**II.    REPORT:**

       This matter comes before the Court on the Motion to Dismiss filed by Defendants United States of America, C. Eichenlaub, and W. Malatinsky. (Docket no. 12). Plaintiff is a federal prisoner proceeding *pro se*. He has not responded to Defendants' motion, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for decision. (Docket no. 6). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' Motion to Dismiss is now ready for ruling.

       **A.**    **Facts and Claims**

       This is a civil rights action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a) and *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Docket

no. 1). Plaintiff was housed at the Federal Correctional Institution at Milan, Michigan during the events pertinent to this action. (*Id*. at 1). The United States is sued under the Federal Tort Claims Act (FTCA). (*Id*. at 2). Defendant Eichenlaub is the Warden of FCI Milan and Defendant Malatinsky is a physician and the Clinical Director of FCI Milan. (*Id*.). They are both sued under *Bivens*. Plaintiff alleges and Defendants agree that Plaintiff has properly exhausted his prison administrative remedies. Defendants disagree, however, that Plaintiff has properly exhausted his administrative remedies under the FTCA.

Plaintiff alleges that he is a paraplegic who requires the use of urinary catheters to drain his bladder. (*Id*. at 3). He further alleges that he was formerly housed at FCI Elkton where he received four catheters per day. He was transferred to FCI Milan on April 24, 2007 and within two weeks of his arrival the medical staff had reduced the prescribed number of catheters to 1 per week. (*Id*. at 4). This required that Plaintiff wash and re-use the same catheter. Plaintiff alleges that he "immediately noted the presence of another urinary tract infection and promptly notified Milan Health Services." (*Id*.). He alleges that he "experiences severe pain in his lower back region and fears kidney or other serious complication from having an untreated infection for over 15 months." (*Id*. at 4-5). Plaintiff attributes his infection to his having to re-use catheters. (*Id*. at 5). Plaintiff alleges that Defendant Malatinsky told him that the phrase "single use only" on the catheter packaging meant that it was not to be shared with another inmate. (*Id*.). Plaintiff states that he has made Defendant Malatinsky aware of the need for four catheters per day. (*Id*. at 6).

Plaintiff argues that the "willful and knowing refusal to properly and legally treat the infection caused by the Defendant's willful and wanton failure to provide a minimum standard of care and adequate sterile catheters amounts to a clear violation of the Eighth Amendment prohibition

against cruel and unusual punishment and deliberate indifference." (*Id*.). Plaintiff is therefore raising two claims: deliberate indifference to his serious medical needs by refusing to treat his alleged infection and the denial of four catheters per day to him. Plaintiff seeks damages and certain injunctive relief. (*Id*. at 8-9).

Defendants argue that dismissal of the United States is required because Plaintiff failed to properly exhaust his administrative remedies. (Docket no. 12 at 9-11). Defendant Eichenlaub should be dismissed for insufficient service of process, according to Defendants. (*Id*. at 11). Defendants further argue that the individual Defendants should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted as to them. (*Id*. at 12-15). Defendant Eichenlaub should also be dismissed according to Defendants because Plaintiff has not alleged personal involvement by him. (*Id*. at 15-17). Finally, Defendants argue that Plaintiff's requests for equitable and post-October 23, 2008 relief are moot because the prison has changed its procedures and now Plaintiff and similarly situated inmates receive 28 catheters per week. (*Id*. at 17-18).

**B.     Governing Law**

Defendants move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id*.). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id*.).

**C.     Analysis**

    **1.     Defendant United States of America**

The FTCA requires that a plaintiff properly exhaust his administrative remedies before a civil action is instituted. 28 U.S.C. § 2675(a). Actions filed prematurely must be dismissed for lack of subject matter jurisdiction. *McNeil v. United States*, 508 U.S. 106 (1993); *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (valid administrative claim absolute requirement for bringing suit and not subject to equitable tolling). To properly exhaust, a plaintiff must present an administrative claim to the responsible federal agency prior to the initiation of the suit. 28 U.S.C. § 2675(a). This process of exhaustion of tort remedies is separate from the prison grievance procedure. Tort claims must be filed in the Regional Office of the BOP where the claim occurred. 28 C.F.R. §§ 543.30-.32 (describing procedure for filing tort claim with BOP).

Defendant United States of America shows by the affidavit of Amy Malott (docket no. 12-2), an attorney in the Bureau of Prisons' Consolidated Legal Center, that Plaintiff has not filed a tort claim concerning the issues raised in his Complaint. (*Id.*). Plaintiff has not disputed this showing. Therefore, his claim against the United States must be dismissed for lack of subject matter jurisdiction. *McNeil*, 508 U.S. 106.

    **2.     Defendant Eichenlaub**

Defendant Eichenlaub was the Warden of FCI Milan during the events of which Plaintiff complains. (Docket no. 1 ¶ 6). Plaintiff alleges that Defendant Eichenlaub blocked his access to outside examination and consultation with urologists or any other specialists. (*Id.* ¶ 17). Plaintiff fails to allege that this Defendant committed any other acts or played any role in denying Plaintiff the number of catheters that he wanted. (*Id.* ¶¶ 21, 24). Plaintiff submits, however, the

administrative grievance response signed by Warden Eichenlaub which rejected Plaintiff's claims that he needed more catheters. (Docket no. 1 at 14). Warden Eichenlaub stated in that response that Plaintiff was evaluated by the Clinical Director a few days after his arrival at FCI Milan and the Director along with the Regional Medical Director determined that one catheter per week was sufficient for Plaintiff's medical condition. (*Id.*).

These allegations fail to state a claim of deliberate indifference to Plaintiff's serious medical needs. There is no allegation that Warden Eichenlaub played any active role in denying Plaintiff the number of catheters that he wanted. The Warden's rejection of Plaintiff's grievance is not sufficient personal involvement to state a claim for relief. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff also alleges that the Warden blocked his examination and consultation with physicians outside of the prison. However, Plaintiff's submissions show that the Warden reasonably relied upon the conclusions of prison physicians who had examined Plaintiff regarding the treatment that Plaintiff required. Even if the Warden did block Plaintiff's access to outside physicians, this fails to establish deliberate indifference by the Warden when there is no reason to believe that the prison physicians were incapable of providing medical care for Plaintiff. *See Shanton v. Detrick*, 826 F. Supp. 979, 982 (N.D.W. Va. 1993) (correctional officers' reliance upon professional judgment of attending physician fails to show deliberate indifference).

The record also supports Defendants' argument that Plaintiff has failed to effect proper service of process upon Defendant Eichenlaub. However, this Court will not rely on this circumstance to recommend that this Defendant be dismissed. Plaintiff is proceeding *pro se* and *in forma pauperis* which places a burden on the Marshal's Service to effect service of process. Even if Plaintiff were at fault, Fed. R. Civ. P. 4(m) directs a dismissal without prejudice. The Court's

finding that no claim has been stated against Defendant Eichenlaub requires a dismissal with prejudice. Therefore, the Court will recommend dismissal based solely on the failure to state a claim upon which my be granted as to Defendant Eichenlaub.

### 3. Defendant Malatinsky

Defendant Malatinsky was the physician more personally involved in the examination of Plaintiff and in the denial of the number of catheters that Plaintiff wanted, according to Plaintiff. However, as to the number of catheters, it is clear that Plaintiff was provided at least one sterile catheter per week. Plaintiff alleges that he needed four per day and that Dr. Malatinsky refused to give him this amount because in the physician's view this number was not necessary. Such a disagreement over treatment methods fails to state an Eighth Amendment claim. *See Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Plaintiff's claim that Dr. Malatinsky failed to treat his urinary tract infection stands on different footing, however. Plaintiff claims that his infection went "untreated" for "over 15 months." (Docket no. 1 at 4-5). He claims to have experienced "severe pain" as a result of this infection and "fears kidney or other serious complication" from this infection. (*Id.*). In one of Plaintiff's administrative grievances he states that he "currently [has] a urinary tract infection that Dr. Malatinsky refuses to treat and may be spreading." (*Id.* at 19). The bulk of Defendants' brief focuses on the claim of an inadequate number of catheters. The only statement in Defendants' brief which may be directed at Plaintiff's claim of an untreated infection is that "the facts alleged in the complaint establish that Plaintiff has received medical attention at FCI Milan." (Docket no. 12 at 12). However, Plaintiff clearly alleges that his infection went untreated. There is no showing that

his infection was treated. Such an allegation states a claim for relief. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994) (official is deliberately indifferent if knows that inmate faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it). Accordingly, the claim that Dr. Malatinsky was deliberately indifferent to Plaintiff's serious medical need by allowing Plaintiff's urinary tract infection to go untreated for 15 months should survive this motion to dismiss.

In summary, Defendants United States of America and Warden Eichenlaub should be dismissed from this action. Plaintiff's claim that Defendant Malatinsky violated Plaintiff's Eighth Amendment right by failing to treat Plaintiff's urinary tract infection should survive. Any other claim against Defendant Malatinsky should be dismissed. Defendants' claim that a new procedure has been instituted which allows Plaintiff 28 catheters per week, and thus renders moot a portion of the relief Plaintiff requests, does not impact the failure to treat claim against Defendant Malatinsky.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: January 27, 2009                     s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Michael Kozlowski and Counsel of Record on this date.

Dated: January 27, 2009                     s/ Lisa C. Bartlett
                                            Courtroom Deputy