UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL KOZLOWSKI,

                Plaintiff,                Case Number 08-13880-BC

v.                                              Honorable Thomas L. Ludington

UNITED STATES OF AMERICA, *et al.*,

                Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On September 9, 2008, Plaintiff Michael Kozlowski, acting pro se, filed a complaint alleging that Defendants violated Plaintiff's rights under the Eighth Amendment because Defendants were deliberately indifferent to Plaintiff's serious medical need while incarcerated. Dkt. # 1. Plaintiff, a prisoner at the federal corrections institution at Milan, Michigan, is paraplegic and requires a catheter to drain his bladder. Plaintiff alleges that Defendants provided only one catheter a week when four catheters a day are necessary. Consequently, Plaintiff alleges that Defendants' care has lead to a urinary tract infection, which he asserts Defendants have not treated for fifteen months. Plaintiff advances a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, against the United States of America, and a claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), against the institution's warden, C. Eichenlaub, and the institution's director of the medical clinic, W. Malatinsky.

On December 15, 2008, Defendants moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1)(2)(5) and (6). Dkt. # 12. Defendant United States contends that it should be dismissed because Plaintiff did not exhaust administrative remedies before bringing suit and the Court does

not have subject-matter jurisdiction over the FTCA claim. Defendants Eichenlaub and Malatinsky maintain that the complaint's allegations do not state a claim upon which relief can be granted. Defendant Eichenlaub argues that Plaintiff has not alleged his personal involvement in the alleged denial of treatment.[1] Defendant Malatinsky asserts that the allegations do not rise to the level of a constitutional violation, but is merely a dispute concerning the minimum level of care required. Plaintiff did not file a substantive response to the motion to dismiss.

On January 27, 2009, Magistrate Judge Mona K. Majzoub issued a report and recommendation that the Court grant the motion to dismiss with respect to Defendants United States and Eichenlaub. Dkt. # 14. Judge Majzoub also recommended that the Court dismiss Plaintiff's claim against Defendant Malatinsky regarding the number of catheters provided, but permit Plaintiff's claim for inadequate treatment of his infection to continue.

Also on January 27, 2009, Plaintiff filed a motion for extension of time to respond to the motion to dismiss. Dkt. # 15. Plaintiff contends that additional time will permit the U.S. Marshals Service to perfect service and the Court to consider appointment of counsel. The motions do not indicate why he did not timely file a response or file the motion for extension of time within the time period. While the Court considers challenges facing a pro se litigant, it also appreciates an opposing party's right to an efficient resolution of litigation. Pro se litigants are not afforded special treatment when one does not abide by a readily apparent deadline. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). With that in mind, Plaintiff must demonstrate good cause for an extension of time. Fed.

---

[1] In the alternative, Defendant Eichenlaub raises insufficient service for dismissal. While the record indicates that service has not been effectuated, the magistrate judge noted, and this Court agrees, that the burden rests with the U.S. Marshals Service when serving a complaint for an pro-se litigant proceeding in forma pauperis. Dkt. # 14 at 5-6. Thus, this will not serve as a basis for dismissal. Moreover, Plaintiff also requested time to serve Defendant Eichenlaub, but the request is moot in light of the Court's ultimate conclusion.

R. Civ. P. 6(b). In light of the fact that he filed the motion for an extension of time well after the deadline without providing justification beyond his pro se status, he has not demonstrated good cause.

Turning to the report and recommendation, Plaintiff nor Defendants have filed objections. However, Plaintiff's motion for an extension of time persuades the Court to review the conclusions contained therein.

A

First, Magistrate Judge Majzoub recommended that Plaintiff's FTCA claim asserted against Defendant United States be dismissed for not exhausting all available administrative remedies. The Code of Federal Regulations contemplates two administrative courses before a prisoner may bring a claim under the FTCA. First, a prisoner must exhaust the Bureau of Prisons' administrative remedy program, which Defendants acknowledge occurred in this instance. *See* 28 C.F.R. §§ 543.10-19. Second, a prisoner is required to file an administrative claim with the regional office. *See* 28 C.F.R. §§ 543.30-32; 28 U.S.C. § 2675(a). Indeed, Plaintiff's complaint alleges that he exhausted administrative remedies. A motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) permits a party to "factually" challenge jurisdiction, which places the burden on the plaintiff and allows the a district court to "weigh the evidence" relevant to jurisdiction. *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007).

Here, Defendant has submitted an affidavit asserting that Plaintiff has not fulfilled the second requirement. Consequently, the magistrate judge concluded that the Court does not have subject-matter jurisdiction over the FTCA claim. While Plaintiff's motion for an extension of time argues that dismissal of the FTCA claim will prejudice his *Bivens* claim, it does not provide any argument

or documentation that he has exhausted the requirement of filing a claim with the regional office. Thus, the Court will adopt Judge Majzoub's recommendation to dismiss Plaintiff's FTCA claim for lack of subject-matter jurisdiction. *See McNeil v. United States*, 508 U.S. 106, 111-12 (1993).

B

Next, the magistrate judge recommended that the claim against Defendant Eichenlaub be dismissed because the complaint does not allege that he participated in the decision to provide one catheter a week. The sole allegation of Defendant Eichenlaub's involvement is that he denied Plaintiff's administrative grievance. Denial of an administrative grievance can not serve as a basis for Plaintiff's *Bivens* claim. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Again, Plaintiff has not indicated in his complaint or supplemental pleadings that Defendant Eichenlaub played an active role in the prescription of catheters or treatment of the infection. Thus, the Court will adopt the magistrate judge's recommendation to dismiss with prejudice the claim asserted against Defendant Eichenlaub.

C

Next, the magistrate judge reached two conclusions with respect to Defendant Malatinsky. First, Plaintiff's claim that Defendant Malatinsky did not treat his infection for a fifteen-month period stated a triable claim for deliberate indifference. The Court agrees with this conclusion. Second, Plaintiff's claim predicated on the decision to provide one catheter a week instead of twenty eight should be dismissed because "disagreement over treatment methods fails to state an Eighth Amendment claim." Dkt. # 14 at 6 (citing *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995), and *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)).

A claim for deliberate indifference requires a plaintiff to allege the existence of a serious

medical need and that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539-40 (6th Cir. 2008). Indeed, the "subjective standard is meant to prevent the constitutionalization of medical malpractice claims." *Id.* However, "a plaintiff need not show that the officer acted with the specific intent to cause harm," but it can be inferred from the surrounding circumstances. *Id.*

Here, Plaintiff's allegation that Defendant Malatinsky authorized one catheter a week instead of twenty eight is enough to state a claim for deliberate indifference. The magistrate judge concluded that Plaintiff's disagreement over treatment methods with the physician's view does not state a claim for deliberate indifference. Dkt. # 14 at 6 (citing *Sanderfer*, 62 F.3d at 154-55, and *Westlake*, 537 F.2d at 860). In *Sanderfer*, the Sixth Circuit addressed the claim at the summary judgment stage and involved a finding that the physician had negligently diagnosed a condition. Here, Plaintiff alleges that the catheters were designed for a single use, not intended to be cleaned and reused. Thus, the allegation that he was provided one catheter a week instead of four catheters a day asserts more than a mis-diagnosis of a condition.

In contrast, the *Westlake* court did evaluate a prisoner's claim under the Rule 12 standard, noting that "a prisoner states a proper cause of action when he alleges that prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." 537 F.2d at 860. While Dr. Malatinsky did authorize one catheter a week, Plaintiff has alleged facts that Dr. Malatinsky recklessly disregarded a medical risk by knowingly providing deficient care. At the Rule 12 stage, the Court is not positioned to make a factual determination whether Plaintiff

alleges merely negligent care. Thus, the Court will reject the recommendation to dismiss Plaintiff's claim predicated on Dr. Malatinsky's authorization of a single catheter.

D

Accordingly, it is **ORDERED** the magistrate judge's report and recommendation is [Dkt. #14] is **ADOPTED** in part and **REJECTED** in part.

It is further **ORDERED** that Defendants' motion to dismiss [Dkt. # 12] is **GRANTED** in part and **DENIED** in part. Plaintiff's FTCA claim advanced against the United States is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claim asserted against Defendant C. Eichenlaub is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion for an extension of time [Dkt. # 15] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 5, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 5, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---